Filed 1/8/26  P. v. Stanford CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C102067 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F08729) |
| v. | |
| MURRAY STANFORD, | |
| Defendant and Appellant. | |

Defendant Murray Stanford was convicted of conspiracy to sell rock cocaine with a prior drug conviction, six prior strike convictions, and six prior prison term enhancements.  The trial court sentenced him to a term of 25 years to life, plus three years for a prior drug conviction enhancement and an additional one year for a prior prison term enhancement.  He appeals from a resentencing order made under Penal Code section 1172.75 wherein the trial court struck the prior drug conviction and prior prison term enhancements but otherwise left the sentence unchanged.  (Statutory section citations that follow are to the Penal Code.)  He contends the trial court abused its

1

discretion in declining to reduce the sentence further by striking or dismissing his prior strike convictions. We affirm the judgment.

## FACTS AND HISTORY OF THE PROCEEDINGS

A detailed recitation of the facts underlying defendant's conviction is unnecessary to our resolution of the claims on appeal. We summarize the pertinent facts from our prior opinion in *People v. Mamaril* (May 4, 2009, C058468 [nonpub. opn.] (*Mamaril*)), which we incorporate by reference on our own motion.

In 2006, defendant made a series of phone calls from the jail where he was housed. (*Mamaril*, *supra*, C058468.) During these calls, using coded language, defendant discussed various rock cocaine transactions with his codefendant and his girlfriend. (*Ibid.*) Defendant and his codefendant were eventually charged via an information with conspiracy to sell rock cocaine. (*Ibid.*) The information also alleged defendant had a prior drug conviction (Health & Saf. Code, § 11352, subd. (a); § 11370.2, subd. (a)); six prior strike convictions (§§ 667, subds. (b)-(i), 1170.12); and six prior prison terms (§ 667.5, subd. (b)). (*Mamaril*, *supra*, C058468.) Further, the information alleged defendant had a prior strike conviction for attempted murder (§§ 664 & 187), three separate robbery convictions (§ 211), and two separate convictions for assault with a firearm (§ 245, subd. (a)(2)), all on January 28, 1994.

A jury convicted defendant of conspiracy, and in a separate bifurcated proceeding, the trial court found that the prison prior allegations against defendant constituted a single enhancement, and that the remaining prior conviction allegations were true. (*Mamaril*, *supra*, C058468.)

Original Sentencing

Prior to sentencing, the probation officer submitted a report detailing, among other things, defendant's criminal record. As a juvenile, multiple charges against defendant were sustained between 1983 and 1986, including vehicular homicide in 1986. As an

2

adult, defendant was convicted of several misdemeanors and felonies, including the felonies alleged in information as prior strike and prior drug convictions. Among other crimes, the probation report noted that defendant was convicted of misdemeanor injury on a spouse (§ 273.5) in 1990 after his 19-year-old ex-girlfriend stated he beat her up, and felony spousal abuse (§ 273.5) in 1991, which resulted in a two-year prison sentence. Defendant was convicted of misdemeanor discharging a firearm (§ 246.3) in 1992 after the victim accused him of shooting a pistol at her. Defendant was convicted of attempted murder (§§ 664 & 187), robbery (§ 211), and being a felon in possession of a firearm (former § 12021, subd. (a)) in 1994 after defendant shot a victim multiple times in the upper body. Defendant was convicted of two counts of robbery (§ 211), two counts of assault with a deadly weapon (§ 245), vehicle theft (Veh. Code, § 10851), and being a felon in possession of a firearm (former § 12021, subd. (a)) in 1994 after taking the victims' vehicle and shooting a handgun at the victims as they fled.

The trial court denied defendant's motion to strike his prior convictions and sentenced him to 29 years to life in state prison (25 years to life under the three strikes law on the present offense; three years, to be served consecutively, for the prior drug conviction; and one year, to be served consecutively, for the prior prison term). (*Mamaril*, *supra*, C058468.) We affirmed defendant's conviction and sentence. (*Mamaril*, *supra*, C058468.)

Resentencing

In 2024, the California Department of Corrections and Rehabilitation identified defendant as eligible for resentencing under section 1172.75. The trial court appointed counsel for defendant and invited briefing on defendant's eligibility for resentencing under section 1172.75. The parties filed sentencing memoranda and made argument at the September 20, 2024, resentencing hearing.

3

Defendant requested the trial court strike or dismiss five of his prior strike convictions under section 1385, subdivision (a), and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*), and dismiss the three-year drug and one-year prior prison term enhancements. In support of this request, defendant argued, and provided documentation, that he had engaged in significant rehabilitative efforts during his incarceration, including education; vocational training and employment; gang recovery and awareness programs; anger management, nonviolence, and other self-improvement classes and groups; and a substance abuse recovery program. Defendant also argued that his current age, 53, made him less likely than younger offenders to reoffend and that the 16 years he had spent in continuous custody had reduced his risk of future violence.

Defendant further argued that his conviction in the current case was neither serious nor violent and would be unlikely to lead to a life sentence today, noting that his prior strike convictions all occurred 12 years or more before the current conviction. Defendant also argued that much of his prior criminality was related to his associations with other criminals and substance abuse, but he had taken significant steps to address those issues since being in custody. Defendant requested a sentence of no more than 10 years in state prison.

In response, the People agreed defendant was entitled to a resentencing hearing and that his prison prior should be dismissed. After initially opposing dismissal of his drug prior enhancement, the People also agreed that this enhancement should also be dismissed. Although this issue was not raised by defendant, the People argued that defendant was not entitled to have his indeterminate sentence reduced to a determinate sentence under the Three Strikes Reform Act of 2012 (Reform Act) (Prop. 36, as approved by voters, Gen. Elec. Nov. 6, 2012). They acknowledged that the court had discretion to dismiss defendant's prior strike convictions under section 1385, subdivision (a), and *Romero*, but argued that defendant did not fall outside the spirit of the Three Strikes law, because defendant had a "vast criminal history of violent or serious crimes,"

4

including attempted murder, robbery, assault with a deadly weapon on the person of another, possession of a firearm as a felon, and corporal injury on a spouse.

The People further argued that dismissing the prior strike convictions would endanger public safety. The People pointed to the trial court's statements at the original sentencing that defendant (1) would likely "go right back into the system" shortly after release; (2) had not been out of custody for any significant period of time since he was a juvenile; (3) had a "recidivist nature"; (4) had "an awful background in terms of criminality"; and (5) had low prospects for the future, such that it would be a miscarriage of justice to strike any of defendant's prior conviction strikes. The People also noted the original trial court's finding, in denying probation, that defendant was likely to be a danger to others if not in prison, with numerous and increasingly serious prior convictions and an unsatisfactory prior performance on probation and on parole.

The People additionally provided a list of defendant's eight rules violations while incarcerated between 2011 and 2024, including four which they argued were serious and three of which directly involved violence, specifically "participating in a riot, battery on a prisoner, and fighting" in 2014, 2023, and 2017, respectively. Finally, the People noted that defendant was potentially eligible for parole in November 2026, and argued that the court would have to strike multiple prior strike convictions to grant relief, which was not appropriate given the seriousness of his prior strike convictions and his prison conduct.

The trial court found defendant's sentence included a one-year prison prior and a three-year drug prior, noted defendant's prior strike convictions, stated that it had read the briefs filed by both parties, and struck the prison and drug priors. The court then stated it had authority to dismiss defendant's prior strike convictions under section 1385, subdivision (a), and *Romero*, but it would not exercise its discretion to do so.

The court first noted defendant's history of prior serious and violent convictions as listed in the probation report, ranging from when defendant was a juvenile in 1983 to 1993. The court also noted that defendant committed the current offense just one month

5

after having been released from his 17-year state prison term. The court acknowledged that while the current offense did not involve violence, "his history is replete with acts of violence." The court found that defendant's prior strike convictions were not remote in time because while some convictions occurred from 1989 to 1994, "he continued to commit crimes of violence until he was released in 2006," and defendant had not shown "a prolonged period of rehabilitation or a crime-free life in the interim."

The court also explained that it considered whether the prior convictions were part of a single court of conduct or convictions for single acts, or if they were so close in time to indicate a single period of aberrant behavior, but it appeared that they had different case numbers, suggesting they were committed at different times and places.

The court considered defendant's background, his character and prospects for rehabilitation, his age of 54, and his willingness to participate in rehabilitation programs. The court commended defendant for completing classes in prison but noted his tendency for violence as shown by his record in prison, including battery on a prisoner the prior year and "his behavior that could lead to violence this year." The court also considered whether defendant had acquired any valuable skills since his incarceration and noted that he had obtained a certificate in package handling. The court noted that there was no information regarding defendant's family status other than that he had been raised by his grandmother, and that neither side addressed his employment history.

The court concluded while defendant had made steps towards rehabilitation, this mitigating factor was "strongly outweighed by the other factors," including defendant's history of violence and prior convictions for the identical crime and other drug crimes, such that "[n]o reasonable judge could possibly find that the Defendant in this case falls outside the spirit of three strikes." Overall, the court found that defendant "clearly falls within the spirit of three strikes, and his sentence is not unjust," "it would not be in the interest of justice to dismiss the prior convictions after consideration of the totality of the circumstances in this case," and "[t]he imposition of the sentence pursuant to the three-

6

strikes sentencing scheme clearly falls within the meaning and purpose of the statute." The court therefore declined to exercise its discretion to strike the prior convictions and reimposed defendant's previous sentence, with the exception of the three-year drug prior and the one-year prison prior, resulting in a term of 25 years to life.

Defendant timely appealed.

I

*Section 1385, Subdivision (a)*

Defendant contends the trial court abused its discretion in denying his *Romero* motion, because there was insufficient evidence to support the "critical inferences" the trial court relied on in denying his *Romero* motion.

Under section 1385, subdivision (a), and *Romero*, *supra*, 13 Cal.4th 497, the trial court may dismiss a prior strike conviction, but only if the defendant falls outside the spirit of the three strikes law. (§ 1385, subd. (a); *People v. Williams* (1998) 17 Cal.4th 148, 158-161 (*Williams*).) In exercising this discretion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.)

We will not reverse the ruling on a *Romero* request for an abuse of discretion unless the defendant shows the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.) Reversal is justified where the trial court was "not 'aware of its discretion' " to strike a strike prior or "considered impermissible factors" to support its refusal to do so. (*Id.* at p. 378.) But where the trial court " 'balanced the relevant facts and reached an impartial decision in

7

conformity with the spirit of the law, we shall affirm the trial court's ruling . . . .' "
(*Ibid.*)

A court abuses its discretion where substantial evidence does not support the stated basis for the decision. (*People v. Cluff* (2001) 87 Cal.App.4th 991, 998.) "Evidence is substantial only if it ' "reasonably inspires confidence and is of 'solid value.' " ' [Citation.] By definition, 'substantial evidence' requires evidence and not mere speculation. In any given case, one 'may speculate about any number of scenarios that may have occurred . . . . A reasonable inference, however, "may not be based on suspicion alone, or on imagination, speculation, supposition, surmise, conjecture, or guess work. [¶] . . . A finding of fact must be an inference drawn from evidence rather than . . . a mere speculation as to probabilities without evidence." ' " (*Id.* at p. 1002.)

Defendant argues there were multiple incorrect or unsupported factual assertions the trial court cited as justification to deny his *Romero* motion. Among other things, defendant points to statements by the court at resentencing that (1) defendant continued to commit crimes of violence after his prior convictions until he was released in 2006; (2) his prior strike convictions were not remote in time because he did not have "a prolonged period of rehabilitation or a crime-free life in the interim"; (3) his prior offenses "appear to have been different case numbers, suggesting they were committed at different times and places"; (4) his convictions were not "so close in time to indicate a single period of aberrant behavior"; (5) defendant had a continued tendency towards violence as shown by battery on a prisoner the prior year and his behavior that could lead to violence this year; and (6) defendant's employment history had been not been addressed by either party.

Defendant contends that these statements were incorrect because (1) his current conviction was a relatively minor drug offense; (2) his last conviction before the current offense was in 1993; (3) he did not commit any crimes of violence between 1993 and 2006; (4) his last strike conviction was 15 years before his current conviction and more

8

than 30 years before resentencing; (5) his prior strike convictions arose out of only two different cases, based on his conduct within one 20-day time period when he was 24 years old; (6) there was no evidence showing that his rules violations in prison were violent; and (7) he had employment throughout his current incarceration. In defendant's view, the trial court ignored or did not properly address these facts when it denied his motion.

Defendant in essence contends that the trial court should have given less weight to his past crimes and current offense, given the passage of time, his view of seriousness of those crimes, and the fact that the conduct that led to his prior strike convictions occurred within a brief period. Defendant's argument effectively asks us to review the trial court's decision de novo rather than determining whether its factual findings are supported by substantial evidence and whether the conclusion it draws from those findings is an abuse of discretion. It would be inappropriate for us to do that.

As an initial matter, the trial court explained that it had reviewed defendant's submissions and the probation report, among other things, and it was aware of the nature and date of defendant's current conviction and the nature and dates of his prior convictions. As the record indicates, defendant had an extensive criminal history as a juvenile and has an even more extensive criminal history as an adult, with violent offenses in 1986, 1990, 1991, and 1992, including vehicular homicide, two episodes of physical abuse on a spouse, and shooting at a victim, all occurring before the prior strike convictions. Defendant fails to acknowledge the gravity of his prior strike convictions, including attempted murder, where defendant shot a victim, resulting in multiple gunshot wounds to the victim's upper body, and assault with a deadly weapon, where defendant shot at his victims as they were fleeing from defendant during a robbery. Defendant also does not acknowledge that he committed the crime in this case just one month after his release from 13 years of incarceration for similar prior convictions. The trial court's

9

emphasis on these facts in discounting the remoteness of his prior strike convictions was not an abuse of discretion.

Defendant also contends that the trial court (1) incorrectly stated that the parties did not address his employment history, when he had been employed while incarcerated, as he noted in his sentencing memorandum, and (2) found without evidence that his prison rules violations were violent. We note that defendant did not object to the People's characterization of the rules violations, including when the trial court asked the People for clarification on the nature of his battery violation. Nor did defendant object to the trial court's statement regarding his employment history, which appears to be referring to his employment outside of prison. Indeed, the trial court commended defendant's efforts at rehabilitation, including participation in programs and classes, and noted that defendant had obtained an occupational certificate in package handling.

Even assuming the court's recitation of defendant's history overstated defendant's recent propensity for violence and understated his efforts at rehabilitation while in prison, these statements were not a pivotal point in the court's refusal to grant defendant's *Romero* request. Instead, it was primarily defendant's criminal record which supported the trial court's determination that defendant did not fall outside the spirit of the Three Strikes law. Because substantial evidence supports the denial of defendant's *Romero* request, the trial court did not abuse its discretion.

II

*The Reform Act*

Defendant argues that the trial court misunderstood its discretion, because it believed it would have to strike at least five of his six priors to resentence him as a one-strike defendant, when it was only necessary to dismiss his "superstrike" attempted murder conviction to reduce his sentence under the Reform Act. This claim is forfeited. (See, e.g., *People v. Stowell* (2003) 31 Cal. 4th 1107, 1114 (*Stowell*) [" 'It is both unfair

10

and inefficient to permit a claim of error on appeal that, if timely brought to the attention of the trial court, could have been easily corrected or avoided' "].)

On resentencing, defendant did not argue that the trial court was required to apply the revised penalty provisions of the Reform Act or respond to the People's arguments in their brief and at oral argument that the Reform Act did not apply. Nor did he challenge the People's contention or the trial court's statement that it would have to strike at least five of his six prior strike convictions to modify his sentence, or argue that he would be eligible for a determinate sentence if his attempted murder conviction was dismissed. Instead, defendant specifically requested that the trial court dismiss five or all of his six prior strike convictions under section 1385 and *Romero*, and he did not suggest any other basis for modifying his sentence. Because defendant did not object or otherwise alert the trial court to these issues, the trial court had no reason to address the People's contentions about the Reform Act or whether defendant could obtain relief if only his attempted murder conviction was dismissed. Under these circumstances, defendant has forfeited this argument, and we decline to address it. (See, e.g., *Stowell¸ supra,* 31 Cal.4th at p. 1114.)

### DISPOSITION

The judgment is affirmed.

_____/s/_____
HULL, Acting P. J.

We concur:

_____/s/_____
RENNER, J.

_____/s/_____
MESIWALA, J.

11